### IN THE UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

THE ESTATE OF RUTH ANN JOHNSON, by
GARY HARRISON, Administrator,

Plaintiff,

v.                                                         CIVIL ACTION NO. 3:23-0647

LAW OFFICES OF DAVID A. SIMS, PLLC;
DAVID A. SIMS, Individually;
MORGAN COLLINS & YEAST, PLLC; and
KYLE R. SALYER, Individually,

Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants and Cross-Defendants Morgan Collins &

Yeast, PLLC and Kyle R. Salyer's Motion to Dismiss under Federal Rule of Civil Procedure

12(b)(3) for Improper Venue (ECF No. 9) and their Motion to Dismiss the Cross-Claim filed by

Defendants Law Offices of David A. Sims, PLLC and David A. Sims. ECF No. 20. For the

following reasons, the Court **DENIES** the motions to dismiss, but agrees venue is improper and

**ORDERS** this case be **TRANSFERRED** to the Eastern District of Kentucky. To the extent Mr.

Salyers and his law firm also argue in their Motion to Dismiss the Cross-Claim that it should be

dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the Court further **DENIES** that argument **WITHOUT PREJUDICE**.

### I.
### FACTS

On November 23, 2018, Ruth Ann Johnson fractured her foot and suffered other

injuries "while in the care of Ashland Nursing Home Corporation, Inc. and Kingsbrook Lifecare

Center" located in Kentucky. *Compl*. ¶32. On November 22, 2019, Gary Harrison, Ms. Johnson's son and Conservator, filed an action on her behalf in Kentucky state court for negligent treatment and improper care. *Id*. ¶¶28, 29. Messrs. Sims and Salyers, together with their respective law firms, were retained to represent Ms. Johnson's interests. *Id.* ¶30. Thereafter, on June 4, 2021, Ms. Johnson died, and Mr. Harrison was appointed as Administrator of her estate in Wayne County, West Virginia. *Id.* ¶¶1, 34, 35. Mr. Harrison attributes his mother's death to the injuries she sustained at the facility, and her death made it necessary for the civil action to be revived under Kentucky law. *Id.* ¶¶33, 36.

According to Mr. Harrison, Mr. Sims informed him that the action was being revived. *Id.* ¶38. However, not only was the action not revived, but it was dismissed with prejudice due to the failure. ¶¶38, 39. Additionally, Mr. Harrison asserts Mr. Sims failed to turn over the case file when it was requested. *Id*. ¶¶42, 43. As a result, Mr. Harrison, as Administrator, filed this action against Defendants for negligence and legal malpractice (Count One) and breach of contract (Count Two). In turn, the Sims Defendants answered and filed a cross-claim against Mr. Salyers and his law firm for indemnity and/or contribution for "the full amount of any judgment that might be recovered by the Plaintiff[.]" *Sims' Answer and Cross-Claim*, at 13, ECF No. 10. Thereafter, Defendant Salyers and his law firm moved to dismiss the entire action for improper venue and also argued the Cross-Claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When Mr. Harrison filed this action, he based it upon diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Defendant Salyers is alleged to be a citizen and resident of Kentucky, and his

law firm is a limited liability company organized in Kentucky. *Compl*. ¶¶7, 8. The Law Offices of David A. Sims, PLLC is organized under West Virginia law with an office in Wood County, West Virginia. *Id.* ¶13 & n.4. However, as Mr. Sims, as the sole member of the firm, is a citizen and resident of Florida, his law firm also is a citizen of Florida for diversity purposes. *Id.* ¶¶2-5.[1] Ms. Harrison was a citizen and resident of West Virginia and her estate is being administered in West Virginia. *Id.* ¶1.[2] Although diversity is not disputed, Mr. Salyers and his firm challenge venue pursuant to Rule 12(b)(3). Both Mr. Harrison and the Sims Defendants oppose the motions and assert venue is proper under 28 U.S.C.A. § 1391(b)(2).

## II.
## DISCUSSION

In relevant part, 28 U.S.C. § 1391(b) provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b)(1)-(2), in part.[3] When venue is challenged, the plaintiff bears the burden of establishing that venue is proper. *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th

---

[1]*See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (providing "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members" (citation omitted)).

[2]As Administrator of the Estate, Mr. Harrison also is deemed to be a citizen of West Virginia. *See* 28 U.S.C. § 1332(c)(2) (providing, in part, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

[3]Although not at issue here, subsection (3) also states venue exists:

Cir. 1979), *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982)). To survive a motion to dismiss, the plaintiff need only make a prima facie showing that venue exists. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012). In deciding whether a plaintiff has made such a showing absent an evidentiary hearing, the court must "view the facts in the light most favorable to the plaintiff." *Id.* (citation omitted). Unlike a Rule 12(b)(6) motion, a court also may "consider evidence outside the pleadings" when ruling on a Rule 12(b)(3) motion. *Id.* at 365-66 (citation omitted).

Initially, Mr. Harrison argues that venue in this District is proper as to both law firms because they are subject to personal jurisdiction in West Virginia and are considered residents of this State for purposes of venue pursuant to 28 U.S.C. § 1391(d).[4] The Court, however, finds it unnecessary to address the residency of either law firm as Mr. Harrison concedes that

---

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(3).

[4]Section 1391(d) provides:

> **(d) Residency of corporations in States with multiple districts**.-- For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

neither Mr. Sims nor Mr. Salyers are residents of West Virginia. Thus, venue does not exist under § 1391(b)(1), as it requires all defendants to be residents of the State. Consequently, the parties focus on whether a "substantial part of the events or omissions giving rise to the claim occurred" in West Virginia to establish venue under § 1391(b)(2).

"[I]n determining whether events or omissions are sufficiently substantial to support venue [under § 1391(b)(2)], a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (internal quotation marks and citations omitted). A plaintiff does not have to show that a majority of events occurred in the district where the case was filed. Instead, the plaintiff only has to show a substantial portion of those events giving rise to the action happened there. *Seidel v. Kirby*, 296 F. Supp. 3d 745, 752 (D. Md. 2017). When the events giving rise to the action have occurred in more than one district, it is the court's duty "to determine whether *enough* of the events that gave rise to this action occurred in this District such that a 'substantial part' of those events occurred in this District[.]" *Id.* at 753-54 (emphasis original; citation omitted). Furthermore, "in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant." *Oldham v. Pennsylvania State Univ.*, 507 F. Supp. 3d 637, 644 (M.D. N.C. 2020) (internal quotation marks, brackets, and citations omitted); *see also Greenberry's Franchising Corp. v. Park,* 3:10-CV-00045, 2010 WL 5141285, at *2 (W.D. Va. Dec. 10, 2010) ("When venue is challenged, the plaintiff has the burden to prove that venue is proper in the chosen forum for each defendant.").

Here, Mr. Harrison alleges in the Complaint that Mr. Sims is licensed and practices law in West Virginia. *Compl.*¶19. Mr. Harrison states the two interacted, had meetings, and formed a contract in West Virginia. *Compl.* ¶¶14, 15. Mr. Sims does not dispute any of these allegations and agrees with Mr. Harrison that venue should be found to exist here. However, Mr. Salyers and his law firm argue there are no facts alleged in either the Complaint or the Cross-Claim that support a finding that a substantial portion of their activities giving rise to this action occurred in West Virginia. Therefore, they argue venue does not exist under § 1391(b)(2).

Upon review of the Complaint, the Court finds virtually no allegations indicating a substantial portion of Mr. Salyers and his firm's acts or omissions giving rise to this case occurred within West Virginia. To support venue, Mr. Harrison alleges in his Complaint that Mr. Salyers is licensed to practice law in West Virginia, and both he and his law firm advertise for, solicit, and represent clients in West Virginia. *Compl.* ¶¶22-25. However, while these allegations may support personal jurisdiction over Mr. Salyers and his firm, they do not address whether a substantial portion of the events related to this case occurred in West Virginia to establish venue under § 1391(b)(2). *See EmeryAllen, LLC v. MaxLite Inc.*, No. 2:20-CV-4332-RMG, 2021 WL 2111159, at *4 (D. S.C. May 25, 2021) (stating "[t]he test for determining venue [under § 1391(b)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim'" (citations omitted)). Additionally, the Court finds Mr. Harrison's allegation in his Complaint that "[a] substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of West Virginia,"[5] is unhelpful as it is

---

[5] *Compl.* ¶14, in part.

-6-

merely a recitation of the legal standard without factual support. Likewise, his assertion that Defendants failed to revive the action[6] does not support venue in West Virginia as it is an omission that occurred in Kentucky. Accordingly, the Court agrees with Mr. Salyers and his firm that the allegations in the Complaint are insufficient to show a substantial part of their activities giving rise to this action occurred in West Virginia.

Likewise, the Cross-Claim provides no facts whatsoever that support venue in this District. The Cross-Claim only attributes liability to Mr. Salyers and his law firm without any additional discussion of events or omissions they did here. Therefore, the Court finds the Cross-Claim does not support venue in West Virginia.

In his Response to the motion, Mr. Harrison asserts the contract he signed with the Sims Defendants to represent him contemplates hiring other counsel. Mr. Harrison further presumes that Mr. Sims engaged Mr. Salyers and his law firm due to their advertising and solicitations in West Virginia. However, even assuming the truth of these assertions, they do not demonstrate Mr. Salyers and his firm engaged in substantial events or omissions in West Virginia that gave rise to this action.

Mr. Harrison also submitted email correspondence and a few cellphone messages between the two law firms and their staffs discussing various litigation topics, such as depositions, discovery, medical records, telephone conferences strategies, submitting a pro hac vice form for Mr. Sims to appear in Kentucky, etc. *See Ex.* 5, ECF No. 22-5. Upon review, the Court finds that

---

[6]*Id.* ¶39.

much of that correspondence has limited relevance because they involve litigation against the nursing home prior to Ms. Johnson's death.[7] Of those few that followed Ms. Johnson's death and involved reviving the claim under Kentucky law, the Court finds they do not demonstrate a *substantial* part of the events or omissions giving rise to this action occurred in West Virginia. In fact, while there were communications between the two law firms, it is very clear that the omission giving rise to this case stems from counsel's failure to revive the case in Kentucky after Ms. Johnson died.

For his part, Mr. Sims asserts venue is proper in West Virginia because he and Mr. Salyers verbally formed their agreement in West Virginia. In Reply, Defendant Salyers and his firm argue that, even if true, it also is insufficient to find venue in West Virginia under § 1391(b)(2). The Court agrees.

It seems apparent that Mr. Salyers and his firm were brought into this case, at least in part, to serve as local counsel in Kentucky because Mr. Sims was not licensed in Kentucky and the litigation against the nursing home was filed there. As previously stated, the omission that gave rise to this action was counsel's failure to take the necessary steps following Ms. Harrison's death to preserve the action against the nursing home. To the extent Mr. Salyers and his law firm committed malpractice or breach of contract by failing to revive the action, that failure occurred in Kentucky, not West Virginia. Even considering "the entire sequence of events underlying the

---

[7]Mr. Harrison also submitted a copy of the Answers to Defendant's Interrogatories and Requests for Production of Documents that he had notarized in Cabell County, West Virginia. ECF No. 22-6. Although, like much of the correspondence, it was submitted to the court in Kentucky in the original action against the nursing home.

claim,"[8] the Court finds that the allegations and exhibits submitted for review are simply not enough to show that Mr. Salyers and his firm engaged in any *substantial* activities within West Virginia giving rise to malpractice and breach of contract claims filed against them. Therefore, the Court finds Mr. Harrison and the Sims Defendants have failed to show that venue in this District is proper under § 1391(b)(2).

Upon a finding that venue is improper, this Court may dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Mr. Harrison requests that the case not be dismissed but, instead, transferred to the Eastern District of Kentucky, where the underlying case was pending. Finding the interest of justice are best served by preventing any argument that the statute of limitations has run on any claims, the Court agrees this case should be transferred to the Eastern District of Kentucky, where the failure to revive the state court action occurred.

Lastly, Mr. Salyers and his firm also argue that the Cross-Claim for indemnity and/or contribution against them should be dismissed for failing to state a cause of action under Rule 12(b)(6). As the Court finds venue in this District is improper, the Court declines to address the argument and **DENIES** the argument **WITHOUT PREJUDICE**.

### III.
### CONCLUSION

Accordingly, the Court **DENIES** Defendants and Cross-Defendants Morgan Collins & Yeast, PLLC and Kyle R. Salyer's Motion to Dismiss under Federal Rule of Civil

---

[8]*Mitrano v. Hawes*, 377 F.3d at 405 (citations omitted).

Procedure 12(b)(3) for Improper Venue (ECF No. 9) and their Motion to Dismiss the Cross-Claim filed by Defendants Law Offices of David A. Sims, PLLC and David A. Sims (ECF No. 20) for improper venue and **DENIES WITHOUT PREJUDICE** their Motion to Dismiss the Cross-Claim filed by Defendants Law Offices of David A. Sims, PLLC and David A. Sims for failure to state a claim. However, the Court agrees with the moving Defendants that venue in this District is improper and **ORDERS** this action **TRANSFERRED** to the Eastern District of Kentucky.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        August 30, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE